598 A.2d 1078

**PICPA FOUNDATION FOR EDUCATION AND RESEARCH, Petitioner,**

v.

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 12, 1991.

Decided Oct. 29, 1991.

John H. Enos, III, for petitioner.

Bart J. DeLuca, Jr., Sr. Deputy Atty. Gen., for respondent.

Before COLINS and PELLEGRINI, JJ., and LORD, Senior Judge.

PELLEGRINI, Judge.

PICPA [1] Foundation for Education and Research (Taxpayer) petitions for review of an order of the Board of Finance and Revenue which refused Taxpayer's claim for a refund of sales tax plus statutory interest.

According to the Stipulation of Facts entered into by Taxpayer and the Commonwealth,[2] Taxpayer is a Pennsyl-

1. PICPA is an acronym for Pennsylvania Institute of Certified Public Accountants.

2. Stipulations of facts, authorized in appeals of this nature by Pa. R.A.P. No. 1571(f), are binding on both the parties and this Court, and facts effectively stipulated are controlling and conclusive. *Beasley*

vania nonprofit corporation organized pursuant to the Nonprofit Corporation Law of 1972, Act of November 15, 1972, P.L. 1063, *formerly* 15 Pa.C.S. Pt. III Art. B,[3] and is a separate and distinct corporation from PICPA. Taxpayer was established:

> for exclusively charitable, scientific and educational purposes, to wit: for the advancement and encouragement of education and research in accounting through receiving gifts, donations and grants and administering these on a charitable basis to promote education and research in accounting; through cooperation with professional nonprofit organizations in their educational and research efforts; through sponsoring seminars, lectures, courses, and similar activities relating to the teaching, study and practice of accounting; through the publication and dissemination of articles and other written materials in furtherance of these objectives; and through other activities performed for the sole purpose of advancing and encouraging education and research in accounting at all levels.

Stipulation of Facts ¶ 3. In keeping with its purposes, Taxpayer disseminates information on accounting, auditing, tax, credit and collections, financial management, planning and control systems, budgeting, asset management, personal and interpersonal development skills, and hands-on computer training. Taxpayer also offers conferences on agribusiness, financial institutions, health care, local government and other subjects.

Notice of Taxpayer's seminars and group study programs are sent to the members of PICPA, other accounting and professional groups, and to persons who have previously attended Taxpayer's seminars.[4] Taxpayer also advertises

*Industries, Inc. v. Commonwealth,* 116 Pa.Commonwealth Ct. 505, 542 A.2d 210 (1988).

3. Similar provisions are found at 15 Pa.C.S. Pt. II, Subpt. C.

4. Approximately 38% of the attendees of Taxpayer's seminars are not PICPA members.

its seminars in The Philadelphia Inquirer and the Pittsburgh Press and is "open and available to the general public." Stipulation of Facts ¶ 8. All seminar attendees are charged a non-waivable fee ranging from $65.00 to $465.00.

Taxpayer is not, however, accredited as a college or university, trade school, vocational/technical school, or primary or secondary school, and it does not confer formal degrees. Taxpayer also does not own any permanent classrooms, school buildings or campus but instead rents facilities such as hotel conference rooms to conduct its seminars and group study programs.

On May 17, 1984 Taxpayer purchased data processing forms which it uses in activities directly related to and consistent with the purposes for which Taxpayer was organized. On August 8, 1984 Taxpayer filed a petition for refund with the Board of Appeals claiming a refund of $255.32 in sales tax paid on $4,255.44 for the purchase of data processing forms, plus statutory interest. Taxpayer contended that it was entitled to the refund because, as a "nonprofit educational institution" as defined in Department of Revenue (Department) regulations, it is excluded from paying sales tax pursuant to Section 204(10) of The Tax Reform Code of 1971 (Tax Code), Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. § 7204(10).[5]

After notice and a hearing, the Board of Appeals, by decision and order dated February 22, 1985, found that Taxpayer did not qualify as a nonprofit educational institution because Taxpayer's primary purpose is to educate members of the accounting profession and any education of the public is only incidental to Taxpayer's primary purpose. On Taxpayer's petition for review, the Board of Finance and Revenue, by order mailed August 30, 1985, sustained the decision of the Board of Appeals. Taxpayer's appeal to this

5. On June 7, 1983 Taxpayer filed with the Department an application for sales tax exempt status as a "nonprofit educational institution." Although this application was denied, Taxpayer did not appeal the Department's decision.

Court followed.[6]

Taxpayer contends that it is entitled to a refund of sales tax because it qualifies as a nonprofit educational institution under Section 204(10) of the Tax Code, 72 P.S. § 7204(10), which provides:

"The tax imposed by section 202 shall not be imposed upon

. . . .

(10) The sale at retail to or use by (i) any charitable organization, volunteer firemen's organization or *non-profit educational institution....*" (Emphasis added).

The question as to whether Taxpayer is entitled to the refund claimed because it is a nonprofit educational institution is a mixed question of law and fact.[7] *Presbyterian–University of Pennsylvania Medical Center v. Board of Revision of Taxes*, 24 Pa.Commonwealth Ct. 461, 463, 357 A.2d 696, 697 (1976).

The term "nonprofit educational institution" is not defined in the Tax Code, but the Department's implementing regulations define the term as follows:

6.  Our scope of review of determinations of the Board of Finance and Revenue is governed by Pa.R.A.P. No. 1571. Although this Court hears such cases in its appellate jurisdiction, 42 Pa.C.S. § 763, this Court functions essentially as a trial court. *McConnell v. Commonwealth, Department of Revenue*, 503 Pa. 322, 325, 469 A.2d 574, 576 (1983); *Covenco, Inc. v. Commonwealth*, 134 Pa.Commonwealth Ct. 314, 318, 579 A.2d 434, 436 (1990). Thus, we must consider a record made by the parties specifically for this Court rather than one certified from the proceedings below and resolve issues of fact on which the parties disagree. Pa.R.A.P. No. 1571(f).

7.  While Taxpayer categorizes its non-subjectability to the sales tax as an exclusion and the Department as an exemption, neither party addresses the implications that arise from that categorization. An exclusion is to be strictly construed against the Commonwealth, *Ernest Renda Contracting Co., Inc. v. Commonwealth*, 516 Pa. 325, 334, 532 A.2d 416, 420 (1987), while an exemption is to be strictly construed against the taxpayer. *Marwood Rest Home, Inc. v. City of Philadelphia Tax Review Board*, 112 Pa.Commonwealth Ct. 240, 241, 535 A.2d 281, 282 (1987). Because no matter how it is categorized, as an exclusion or an exemption, is not determinative of the outcome of this appeal, a view apparently shared by both Taxpayer and the Department, we also will not address this issue.

*Nonprofit educational institution*—A permanent organization or establishment which is created and which exists by law or by public authority for the purpose of educating the public without pecuniary profit to any officer, member, or shareholder except as reasonable compensation for services actually rendered to the institution is a nonprofit educational institution. For example, a college, university, private or parochial school, historical society, museum, library, musical organization; such as a symphony orchestra or opera company, or community theatre group may be a nonprofit educational institution when it is created and exists by law or by public authority, has facilities for use by the general public, and is operated upon a nonprofit basis.... Groups which merely support or encourage the cause of education in general or a specific educational institution, or disseminate information on safety, or which are concerned with the welfare of persons engaged in educational work, including groups such as PTA, alumni groups, scholastic groups, professional associations, and contributor groups are not nonprofit educational institutions even if such groups are sponsored by or affiliated with a nonprofit educational institution, and even if such groups benefit or generally inform the public.

61 Pa.Code § 32.1.

The regulatory definition sets forth several criteria for determining whether an organization qualifies as a nonprofit educational institution. First, the organization must be a "permanent organization or an establishment created and existing by law or by public authority." 61 Pa.Code § 32.1. Because it is undisputed that Taxpayer is both a permanent organization and an organization which was created and is existing pursuant to the Nonprofit Corporation Law of 1972, we find that Taxpayer has satisfied the first requirement for qualification as a nonprofit educational institution.

Second, the organization must operate on a nonprofit basis, that is, "without pecuniary profit to any officer, member, or shareholder except as reasonable compensation

for services actually rendered." 61 Pa.Code § 32.1. The stipulation of facts establishes that Taxpayer has continually operated on a nonprofit basis and is currently operating at a deficit. All of Taxpayer's operations are funded by fees paid by seminar attendees, and seminar instructors either donate their services or receive a stipend below their usual rate of compensation. Moreover, Taxpayer has not paid dividends or distributed any part of its income or profits to its members, directors or officers except for compensation paid to its secretary for services actually rendered.[8] Because we find that Taxpayer operates on a nonprofit basis, Taxpayer meets the second requirement for qualification as a nonprofit educational institution.

■ Third, the organization must exist "for the purpose of educating the public." 61 Pa.Code § 32.1. Taxpayer first contends that the regulatory definition of a nonprofit educational institution violates Section 204(10) of the Tax Code in that it contains an additional requirement that Taxpayer educate the "public." Taxpayer argues that it should not be required to educate the "public," but only be required to engage in "educational activities."

Nonprofit corporations, which the law has long and consistently recognized as a separate and distinct class by the Nonprofit Corporation Law and earlier statutes, have not been subject to taxation by various statutes which imposed taxes upon for-profit corporations. *Board of Christian Education of the Presbyterian Church v. School District of City of Philadelphia*, 171 Pa.Superior Ct. 610, 620, 91 A.2d 372, 376 (1952). The Tax Code, however, treats nonprofit corporations organized for religious, charitable or educational purposes differently than those organized for

8. While an educational institution must be free of any motive of private profit to qualify for tax exemption, it may receive some payment for its services. *Hill School Tax Exemption Case*, 370 Pa. 21, 27, 87 A.2d 259, 263 (1952); *but see Woods Schools Tax Exemption Case*, 195 Pa.Superior Ct. 531, 171 A.2d 897 (1961) (school for disturbed and handicapped children was not entitled to property tax exemption where the tuition charged its students paid the entire cost of its operation and maintenance and very few of the students paid less than the full cost of their education).

other purposes in that the latter, and not the former, is subject to taxation.

The reason for not subjecting the first type of nonprofit corporation to taxation is that entities organized for religious, charitable or educational purposes often render valuable public services which government or private profit-oriented institutions avoid or abandon because the cost of rendering such services is prohibitive. *See, e.g., May Department Stores Co. v. City of Pittsburgh*, 31 Pa.Commonwealth Ct. 398, 376 A.2d 309 (1977); *see also Appeal of University of Pittsburgh*, 407 Pa. 416, 180 A.2d 760 (1962); *Hill School Tax Exemption Case, supra; Thiel College v. County of Mercer*, 101 Pa. 530 (1882); *Biosciences Information Services*, 122 Pa.Commonwealth Ct. 294, 551 A.2d 672 (1988), *aff'd per curiam*, 524 Pa. 132, 569 A.2d 927 (1990). The services provided by these institutions complement or expedite governmental programs, and may also save public funds or provide other benefits to the public. Not subjecting these organizations to taxation is in essence a means of "rewarding" them for engaging in public services which would otherwise have to be provided, directly or indirectly, by the government.

The inclusion of nonprofit educational institutions in the same category of institutions which provide valuable public services, such as charities and volunteer firemen's organizations, indicates an intent by the General Assembly not to subject to sales tax only those nonprofit educational institutions that provide a benefit to the public.[9] Because the requirement that Taxpayer's educational activities benefit the public is in accordance with the General Assembly's intent in enacting Section 204(10) of the Tax Code, we find that the regulatory provision is valid. *Cf. CRH Catering*

9. Under the doctrine of *ejusdem generis* when general expressions are used in a statute they are restricted to "things and persons similar to those specifically enumerated in the language preceding the general expressions." *Keranko v. Washington Youth Baseball, Inc.,* 136 Pa.Commonwealth Ct. 709, 713, 584 A.2d 1082, 1084 (1990) (quoting *Butler Fair and Agricultural Association v. Butler School District,* 389 Pa. 169, 178, 132 A.2d 214, 219 (1957)).

*Co., Inc. v. Commonwealth,* 114 Pa.Commonwealth Ct. 514, 539 A.2d 38 (1988).

Taxpayer next contends that it "educates the public" because its seminars are open to anyone interested in an offered course of instruction regardless of the individual's profession or affiliation with PICPA. The Department, however, argues that Taxpayer does not "educate the public" because Taxpayer's educational activities are oriented predominantly toward the accounting profession.

In *Commonwealth v. Association of Iron and Steel Engineers,* 421 Pa. 583, 220 A.2d 793 (1966), the Association contended that the sale of its magazine, Iron and Steel Engineer, was exempt from the Pennsylvania Sales and Use Tax Act, Act of March 6, 1956, P.L. 1228. Our Supreme Court disagreed, stating that while "there are many magazines which direct their interests to a specific field, but yet circulate among the general public,.... [R]eaders of a professional journal such as the Iron and Steel Engineer not only have an interest in common with regard to the subject matter of the publication, but they are composed primarily of occupationists who earn their living in the iron and steel world." 421 Pa. at 586, 220 A.2d at 795.

Similarly, in *Biosciences Information Services, supra,* a nonprofit corporation argued that it was entitled to tax exemption as a purely public charity because it provided, for a fee, public access to its accumulated literature in the field of biological sciences. This Court concluded that Biosciences was not entitled to an exemption because "the service which [Biosciences] provides does not benefit the public at large but, rather, benefits scientists, universities, hospitals, and government agencies, all of which pay for [its] services." 122 Pa.Commonwealth Ct. at 300, 551 A.2d at 675.

Other jurisdictions which have addressed issues similar to that in the present appeal have also found that professional associations or organizations which operate primarily or predominantly to benefit their members or a particular

profession or occupation confer only an indirect benefit to the public in general and, accordingly, are not entitled to tax exemption. *See, e.g., Nebraska State Bar Foundation v. Lancaster County Board of Equalization,* 237 Neb. 1, 465 N.W.2d 111 (1991); *American Society for Metals v. Limbach,* 59 Ohio St.3d 38, 569 N.E.2d 1065 (1991); *American Association of Cereal Chemists v. County of Dakota,* 454 N.W.2d 912 (Minn.1990); *Minnesota State Bar Association v. Commissioner of Taxation,* 307 Minn. 389, 240 N.W.2d 321 (1976); *Department of Taxation v. Progressive Community Club of Washington County, Virginia, Inc.,* 215 Va. 732, 213 S.E.2d 759 (1975); *Association of the Bar of the City of New York v. Lewisohn,* 34 N.Y.2d 143, 356 N.Y.S.2d 555, 313 N.E.2d 30 (1974); *Engineers and Scientists of Milwaukee, Inc. v. City of Milwaukee,* 38 Wis.2d 550, 157 N.W.2d 572 (1968); *South Dakota State Medical Association v. Jones,* 82 S.D. 374, 146 N.W.2d 725 (1966); *Textile Research Institute v. Princeton Township,* 35 N.J. 218, 172 A.2d 417 (1961); *Massachusetts Medical Society v. Assessors of Boston,* 340 Mass. 327, 164 N.E.2d 325 (1960); and *International College of Surgeons v. Brenza,* 8 Ill.2d 141, 133 N.E.2d 269 (1956).

Although Taxpayer opens its seminars to anyone interested in the courses which it offers, the majority of the seminar attendees "have something more in common than a mere interest in the subject matter." *Association of Iron and Steel Engineers,* 421 Pa. at 586, 220 A.2d at 795. The attendees are concerned with various aspects of accounting and financial management "as an incident to the work in which they are engaged, though they do not all perform the same kind of work, occupy the same station in life, or earn the same income." *Id.* Because Taxpayer exists primarily or predominantly to benefit individuals who have a professional or occupational interest in accounting subjects and not to benefit an indefinite number of people, we find that Taxpayer has not met the third requirement for qualifica-

tion as a nonprofit educational institution.[10]

Having found that Taxpayer is not a nonprofit educational institution because Taxpayer's educational activities primarily or predominantly benefit individuals who have a professional or occupational interest in accounting subjects, we sustain the decision of the Board of Finance and Revenue and, accordingly, enter judgment in favor of the Department and against Taxpayer.

## ORDER

AND NOW, this 29th day of October, 1991, the decision of the Board of Finance and Revenue dated August 27, 1985, refusing the appeal of PICPA Foundation for Education and Research for a refund of sales tax in the amount of $255.32 paid in connection with its purchase of data processing forms, is hereby sustained. The Chief Clerk is directed to enter judgment in favor of the Commonwealth and against PICPA Foundation for Education and Research unless exceptions are filed in conformity with Pa.R.A.P. No. 1571(i).

10. The Department contends that Taxpayer does not qualify for sales tax exemption because of a fourth regulatory requirement that Taxpayer must own facilities for engaging in its educational activities. Taxpayer, while conceding that it does not own any permanent classrooms, school building or campus, argues, however, that it has facilities for use by the general public because it regularly rents facilities such as hotel conference rooms to conduct seminars and group study programs.

Because we have decided that Taxpayer does not qualify as a nonprofit educational institution, however, we do not reach the issue of whether Section 204(10) of the Tax Code requires an organization to hold title to facilities for the use of the public in order to qualify as a nonprofit educational institution, or whether the statute requires an organization merely to provide access to such facilities regardless of whether the organization owns, rents or borrows those facilities.