Philadelphia Electric Company, Petitioner *v.* Commonwealth of Pennsylvania, Department of Revenue, Penn Center House, Incorporated and Council of 220 West Rittenhouse Square, Respondents.

Argued April 3, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Charles W. Bowser, Pechner, Dorfman, Wolffe, Rounick & Cabot,* for petitioner.

*Paul S. Roeder,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondent, Commonwealth of Pennsylvania, Department of Revenue.

*Craig E. Ziegler, Montgomery, McCracken, Walker & Rhoads,* for respondent, Penn Center House, Inc.

*E. Gerald Donnelly, Jr.,* with him, *Ronald J. Shaffer,* of counsel, *Fox Rothschild, O'Brien & Frankel,* for respondent, Counsel of 220 West Rittenhouse Square.

OPINION BY JUDGE DOYLE, September 13, 1984:

Before us are preliminary objections filed by the Commonwealth, Penn Center House, Inc. (Penn Center), and the Council of 220 West Rittenhouse Square (220 West) to a petition for review brought in our original jurisdiction by Philadelphia Electric Company (PECO). PECO seeks declaratory and injunctive relief against the Department of Revenue (Department) in its application of the Tax Reform Code of 1971 (Code), Act of March 4, 1971, P.L. No. 6, *as amended,* 72 P.S. §7101-10004, and injunctive relief against Penn Center and 220 West.

This matter arises because Penn Center and 220 West have refused to pay sales tax charges to PECO for purchases of electricity, claiming that, as condo-

miniums, their purchases are exempt from sales tax under Section 201(m) of the Code 72 P.S. §7201(m). The Commonwealth has held PECO liable for the unpaid taxes, and PECO has paid the amounts due in order to avoid penalty under the Code.[1] Because of its status as a public utility, however, PECO cannot collect any sales tax due prior to rendering service, and cannot terminate service under the Public Utility Code[2] for the condominiums' delinquence. PECO avers that the Department has taken no action against the delinquent condominiums to enforce the Code and the condominiums have taken no action to secure exempt status under other provisions of the Code. PECO avers that it is thus required to expend its resources to collect the tax for the Commonwealth through lawsuits against the individual condominiums, or alternatively, to raise the condominiums' claim of exemption in a petition for refund of the monies PECO has already paid. This, it is pleaded, is an unconstitutional deprivation of PECO's property by the Commonwealth.

Respondents first object that PECO has failed to exhaust its administrative remedies. It is argued that the provisions of Sections 252 and 253 of the Code, 72 P.S. §§7252 and 7253, pertaining to refunds of sales taxes paid, and Section 232 of the Code, 72 P.S. §7232, pertaining to appeals from tax assessments, offer adequate administrative redress of the grievance pleaded. We believe this objection misconstrues the nature of the petition for review. PECO seeks not merely the return of the monies paid, nor simply relief from assessment of the tax against it. Rather, PECO seeks injunctive relief from the requirement that it

---

[1] Sections 265 through 268 of the Code, 72 P.S. §§7265 through 7268.

[2] 66 Pa. C. S. §§101 through 3315.

pre-pay sales tax due before the tax is collected from its customers, and declaratory relief in the nature of a holding that such a requirement is unconstitutional. Respondents first preliminary objection thus misses the mark and is overruled.

Second, Respondents argue that equity will not lie in this case because PECO has an adequate remedy at law through an action in assumpsit against the condominiums to recover the amount due. Again, this objection misconstrues the petition for review. PECO seeks not simply reimbursement from the condominiums for the taxes paid on its behalf. Rather it complains that the need to resort to such litigation is a burden which is not imposed on other vendors in the collection of sales tax for the Commonwealth, and which constitutes an unlawful deprivation of resources expended in litigation to collect the Commonwealth's tax.

Respondent 220 West next raises an objection that our disposition in *Summit House Condominium v. Department of Revenue*, 84 Pa. Commonwealth Ct. 291, 479 A.2d 1162 (1984) argued before this Court en banc the same day as the instant case, will resolve the issues raised here. It does not. Our holding in that case disposes only of the issue, albeit the central one, of whether purchases of utility service by condominium owners through their condominium association or management agent are exempt from sales tax under the Code. While holding that such purchases are exempt, *Summit House* does not resolve the underlying question of whether PECO can constitutionally be required to assume the tax liability of its delinquent customers. And while *Summit House* may answer the question of whether the sales taxes paid by PECO are ultimately refundable, it does not settle the current position of the parties. That is, *Summit House* does not settle

whether PECO is the proper party to assert the condominium's exemption and seek refund of the taxes paid or whether Penn Center and 220 West may be required to pay over to PECO the taxes already paid on their behalf, and then pursue their own refund from the Commonwealth.[3] Also remaining are ancillary questions regarding the liability of the condominiums and the Commonwealth for legal costs and fees expended by PECO in litigation for collection of the tax.

Respondents finally urge that PECO's petition for review fails to join indispensable parties. Specifically, it is argued that no relief can be granted in this case without joinder of the Public Utility Commission (PUC) and the Internal Revenue Service (IRS). The petition for review avers that PUC rules and regulations prohibit termination of service to the condominium under the circumstances presented here and that IRS regulations do not allow PECO a declaration of loss for the monies unpaid. Thus, Respondents urge, no adjudication can be made without joinder of the PUC and IRS. The argument is devoid of merit. If the rules and regulations of the PUC and IRS are implicated as contributing to PECO's distress, this Court is empowered to take judicial notice of them. We note that neither the PUC regulations nor the IRS practices are challenged in the petition and PECO seeks no relief contrary to them. The relief requested here is not an order allowing PECO to terminate service to the condominiums, but rather an order requiring the Commonwealth to seek its own collection of taxes and/or an order directing the condominiums to

---

[3] Respondent, 220 West, also raises an objection in the nature of a demurrer, asserting that the petition for review fails to state a claim against it because its purchases of utility service from PECO are exempt from sales tax as a matter of law. While *Summit House* did so hold, as noted above, our determination in that case is not completely dispositive of PECO's claim against the condominium.

seek their own exemption and refund. The PUC and IRS therefore have no particular legal interest in this litigation and are not indispensable parties. *Burnham Coal Co. v. PBS Coals, Inc.*, 65 Pa. Commonwealth Ct. 86, 442 A.2d 3, *aff'd* 449 Pa. 59, 451 A.2d 443 (1982); *Mid-Centre County Authority v. Township of Boggs*, 34 Pa. Commonwealth Ct. 494, 384 A.2d 1008 (1978).

Accordingly, Respondent's preliminary objections to the petition for review are overruled.

### Order

Now, September 13, 1984, the preliminary objections of the Commonwealth of Pennsylvania, Penn Center, House, Inc., and Council of 220 West Rittenhouse Square to the petition for review filed by the Philadelphia Electric Company are hereby overruled.

Judge PALLADINO did not participate in this decision.

---

CONCURRING AND DISSENTING OPINION BY JUDGE MACPHAIL:

I concur with that part of the majority opinion which overrules the preliminary objections of the Commonwealth but I respectfully dissent to that portion of the majority opinion which overrules the preliminary objections of Penn Center and 220 West. It is my opinion that our recent decision in *Summit House Condominium v. Department of Revenue*, 84 Pa. Commonwealth Ct. 291, 479 A.2d 1162 (1984), wherein I dissented, controls the ultimate result in the instant case and renders moot PECO's suit against Penn Center and 220 West. I accordingly would sustain the preliminary objections of Penn Center and 220 West.

Judge BARRY joins in this concurring and dissenting opinion.