538 A.2d 607

Philadelphia Electric Company, Petitioner *v.* Commonwealth of Pennsylvania, Department of Revenue and Penn Center House, Inc. and Council of 220 West Rittenhouse Square, Respondents.

Argued September 16, 1987, before Judges CRAIG, MACPHAIL, BARRY, COLINS, and PALLADINO.

*Charles W. Bowser, Pechner, Dorfman, Wolffe, Rounick & Cabot,* for petitioner.

*Paul S. Roeder,* Deputy Attorney General, with him, *Bryan E. Barbin,* Deputy Attorney General, *LeRoy S. Zimmerman,* Attorney General, for respondent, Commonwealth of Pennsylvania, Department of Revenue.

*Craig E. Ziegler, Montgomery, McCracken, Walker & Rhoads,* for respondent, Penn Center House, Inc.

*E. Gerald Donnelly, Jr.,* with him, *Ronald J. Shaffer,* of counsel, *Fox, Rothschild, O'Brien & Frankel,* for respondent, Council of 220 West Rittenhouse Square.

OPINION BY JUDGE BARRY, February 29, 1988:

In this action filed in our original jurisdiction, Philadelphia Electric Company (PECO) has filed a motion for summary judgment against the Commonwealth of Pennsylvania, Penn Center House, Inc. and the Council of 220 West Rittenhouse Square.

The facts as stipulated to by the parties are as follows. PECO, a public utility, provides both electricity

and steam heat to Penn Center House, Inc., a cooperative of individually owned condominium units and the Council of 220 West Rittenhouse Square, an unincorporated association of condominium unit owners that manages the building containing the individually owned units. The electricity and steam heat sold to each of the condominiums are measured by single meters; each of the condominiums receives a single bill.

The Tax Reform Act of 1971, Act of March 1, 1971, P.L. 6, *as amended*, 72 P.S. §7201(m) (Supp. 1987), excludes, *inter alia*, electricity and steam from the Act's definition of "tangible personal property" when those items are purchased *for residential use*. Such purchases are exempt from sales tax. The Commonwealth's Department of Revenue rejected claims of the condominiums here and others similarly situated that they were entitled to the sales tax exemption. Both condominiums here refused to pay any sales tax to PECO since 1981, awaiting the outcome of litigation which would decide whether condominiums were entitled to the sales tax exemption. In 1984, we held that the sales tax exemption was applicable to condominiums, *Summit House Condominium v. Commonwealth*, 84 Pa. Commonwealth Ct. 291, 479 A.2d 1162 (1984); the Supreme Court affirmed, 514 Pa. 221, 523 A.2d 333 (1987).

During the period when these condominiums were refusing to pay sales taxes on the purchases of electricity and steam, PECO paid the sales taxes to the Commonwealth. Section 247 of the Tax Reform Act requires utilities to prepay sales taxes before collecting the same from its customers, 72 P.S. §7247, while Section 237 makes the person collecting the sales tax, the vendors, liable for those taxes in the event the full amount of the sales taxes owed is not collected. 72 P.S. §7237(b)(2). The Tax Reform Code also provides for various sanctions if required payments of sales taxes are not made. 72

P.S. §§7265-7269. While a utility company may terminate service in specifically enumerated instances, failure of these condominiums to pay sales taxes is not one of those enumerated reasons. 52 Pa. Code §56.81.

On May 26, 1983, PECO filed the present petition for review in our original jurisdiction, seeking a declaration that the prepayment provision of the Tax Reform Code was unconstitutional and ordering the condominiums to reimburse PECO for the sales taxes paid. All three respondents filed various preliminary objections which we denied. *Philadelphia Electric Company v. Department of Revenue,* 85 Pa. Commonwealth Ct. 150, 481 A.2d 375 (1984). Following the denial of the preliminary objections, PECO moved for summary judgment and that matter is now before us.

PECO argues that the condominiums must reimburse it for the sales taxes paid to prevent unjust enrichment.[1] We believe this position is untenable. To argue that the condominiums have been unjustly enriched when PECO paid sales taxes *which the condominiums never legally owed* defies logic. If any entity was unjustly enriched, it was the Commonwealth[2], and not the condominiums. Despite the fact that the condominiums have never moved for summary judgment, PECO has failed to establish any liability on the part of the condominiums and summary judgment can therefore be granted in favor of the condominiums. *Allegheny County Port Authority v. Flaherty,* 6 Pa. Commonwealth Ct. 135, 293 A.2d 152 (1972).

---

[1] At the time PECO filed this petition for review, PECO had paid sales taxes of $39,446.00 on sales of electricity and $45,671.00 on sales of steam to Rittenhouse Square and $21,418.00 on sales of electricity and $26,297.00 on sales of steam to Penn Center.

[2] Because the condominiums never legally owed the sales taxes at issue, PECO had made an "overpayment" of these taxes to the Commonwealth. PECO could be entitled to a refund *with interest.* Act of April 9, 1929, P.L. 343, added by Act of April 8, 1982, P.L. 258, *as amended,* 72 P.S. §806.1 (Supp. 1987).

PECO next sets forth two constitutional challenges to the prepayment provisions of the Tax Reform Act. We must not forget that the Legislature has broad discretion in matters of taxation. *Aldine Apartments v. Commonwealth,* 493 Pa. 480, 426 A.2d 1118 (1981). One challenging the constitutionality of tax legislation bears the burden of proving that the challenged legislation *"clearly, palpably* and *plainly* violates the Constitution." *Commonwealth v. Life Assurance Co. of Pennsylvania,* 419 Pa. 370, 377, 214 A.2d 209, 214 (1965) (emphasis in original). Keeping this heavy burden in mind, we will move to the specific challenges set forth by PECO.

PECO argues that the statutory scheme requiring it to expend its own resources to prepay taxes owed to the Commonwealth by others and requiring PECO to litigate the Commonwealth's claim for taxes violates the Equal Protection Clause of the United States Constitution.[3] As the Supreme Court has stated:

> Under the equal protection clause . . . absolute equality . . . [is] not required. Columbia Gas Corp. v. Commonwealth, 468 Pa. 145, 151, 360 A.2d 592, 595 (1976). In cases where the validity of a classification for tax purposes is challenged, the test is whether the classification is based upon some legitimate distinction between the classes that provides a non-arbitrary and 'reasonable and just' basis for the difference in treatment. Aldine Apartments v. Commonwealth, 493 Pa. at 487, 426 A.2d at 1121-1122. See also F.J. Busse Co. v. Pittsburgh, 443 Pa. at 358, 279 A.2d at 19 [(1971)]. . . . When there exists no legitimate distinction between the

_____

[3] At this point, we must remember that the condominiums never owed the sales taxes because of their residential status. We are therefore reviewing PECO's constitutional challenges in the context of non-residential customers.

classes, and, thus, the tax scheme imposes substantially unequal tax burdens upon persons otherwise similarly situated, the [classification] is unconstitutional.

*Leonard v. Thornburgh,* 507 Pa. 317, 321, 489 A.2d 1349, 1352 (1985).

In this case, PECO challenges the constitutionality of the requirement that it prepay sales taxes of its non-residential customers. As previously mentioned, the provision requiring prepayment in Section 247 applies only to public utilities. Public utilities are prevented from demanding payment from its customers before or at the time of delivery, for bills must be based on actual meter readings, 52 Pa. Code §56.12, and bills cannot be due less than twenty days after those bills are sent to the customers. 52 Pa. Code §56.21.[4] PECO thus argues that by requiring public utilities to prepay sales taxes for its non-residential customers and then write off as a bad debt any such taxes it cannot collect from that customer, the Legislature has violated the equal protection clause. We cannot agree.

Remembering that classifications can withstand an equal protection challenge in the area of taxation as long as a legitimate distinction exists in the classification and the difference in treatment is reasonable and just, defining the two classes here, *i.e.,* vendors which are public utilities and vendors which are not, shows no equal protection violation. Public utilities, by virtue of being the only state regulated monopolies, are given a variety of benefits not available to other business utilities, the most obvious of which is the protection from competition. As important, if not more so, is the ability to charge rates which are sufficient to cover most of their

---

[4] Advance payments are permitted in a few limited instances, none of which are applicable here. 52 Pa. Code §56.17.

prudently incurred costs and provide a reasonable rate of return. *Duquesne Light Co. v. Pennsylvania Public Utility Commission*, 96 Pa. Commonwealth Ct. 398, 507 A.2d 1274 (1986). Given the benefits that inure to public utilities as state regulated monopolies, the requirement that they prepay sales taxes to non-residential customers is, in our view, just and reasonable. Further, and for the same reason, the distinction between public utility vendors and non-public vendors is a legitimate one. We therefore find no equal protection violation.[5]

PECO finally argues that the statutory scheme requiring PECO to prepay sales taxes of its customers constitutes a taking of PECO's property without just compensation in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article 1 Section 1 of the Pennsylvania Constitution. PECO's argument is based on the premise that to prepay taxes of its customers, it must also expend resources to collect taxes on the Commonwealth's behalf. Again, we find no merit in PECO's argument.

Most importantly, the argument is fatally flawed for one important reason. The argument is based on the premise that PECO is paying the customer's tax bill but this premise ignores Section 237(b)(2), which states, "Any person required under this article to collect tax from another person, who shall fail to collect the proper amount of such tax, *shall be liable for the full amount of the tax which he should have collected.*" 72 P.S. §7237(b)(2) (emphasis added). Given the broad discretion vested in the Legislature on taxation matters re-

---

[5] In connection with its defense on constitutional grounds, the Commonwealth in its brief points out that public utilities are the only vendors allowed to write off uncollected taxes as bad debts and thereafter receive refunds with interest. It argues that the prepayment provision actually involves an advantage not shared by other vendors.

ferred to earlier in this opinion, we can find no constitutional impediment to the Legislature's pronouncement that either the vendor or the customer will be liable for the sales tax involved. PECO is doing no more than prepaying its own sales tax liability. In *Goldstein v. Pittsburgh School District*, 372 Pa. 188, 194, 93 A.2d 243, 245 (1952), the Court cited a number of cases holding that the prepayment of taxes is constitutional. We thus believe that no "taking" occurs in this context and therefore, PECO's argument is without merit.

Based upon all of the above, we believe PECO has failed to sustain its burden of proving that the prepayment provisions of the Tax Reform Act are unconstitutional. Summary judgment will be granted in the Commonwealth's favor even though it has not filed a motion for summary judgment. *Allegheny County Port Authority.*

## ORDER

Now, February 29, 1988, the motion for summary judgment filed by Philadelphia Electric Company is denied and judgment is entered in favor of the Commonwealth of Pennsylvania, Penn Center House, Inc., and Council for 220 West Rittenhouse Square.