**George S. GRAY and Charlotte H. Gray, Petitioners,**

**v.**

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 17, 1998.

Decided July 8, 1998.

Peter C. Baggerman, Pittsburgh, for petitioners.

Lora A. Kulick, Harrisburg, for respondent.

Before DOYLE and LEADBETTER, JJ., and NARICK, Senior Judge.

LEADBETTER, Judge.

George and Charlotte Gray (petitioners) petition for review of an order of the Board of Finance and Revenue (Board).

On October 15, 1991, petitioners purchased a prefabricated home, paying $3,446.34 in sales tax to the vendor, who paid over the sales tax to the Commonwealth on November 19, 1991. Pursuant to this court's order entered in the case of *Zink v. Commonwealth* (No. 60 F.R.1993; filed October 4, 1994),[1] petitioners petitioned the Pennsylvania Department of Revenue, Board of Appeals for a

---

1. As a result of this court's order in *Zink,* the Commonwealth issued a statement of policy providing that any purchaser of prefabricated housing could file a petition for a refund of eighty percent of the sales tax paid on a prefabricated home within three years of the date of actual payment of the tax. 61 Pa.Code § 60.18.

refund of the sales tax on November 16, 1994. ' The Board of Appeals denied the refund petition on the basis that it was filed beyond the three year statutory appeal period set forth in section 253(a) of the Pennsylvania Tax Reform Code of 1971 ("Tax Code"), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7253(a). Petitioners appealed to the Board, which sustained the dismissal by the Board of Appeals. After review,[2] we affirm.

■ 72 P.S. § 7253(a) provides, in pertinent part:

[T]he refund or credit of tax ... shall be made only where *the person who has actually paid the tax* files a petition for refund with the department within three years of the *actual payment of the tax to the Commonwealth.*

[Emphasis added.] Focusing on the "actual payment of the tax to the Commonwealth" language, petitioners argue that the three year period set forth in Section 253(a) begins to run on the date that the *vendor* pays over the sales tax to the *Commonwealth,* rather than the date the *purchaser* pays the sales tax to the *vendor,* and that, as a result, they timely filed the refund petition. We cannot agree.

■ Vendors who collect sales tax in the Commonwealth are licensed by the Commonwealth to do so and act as agents of the Commonwealth. *See* Section 208 of the Tax Code, 72 P.S. § 7208; *Commonwealth v. Shafer,* 414 Pa. 613, 620–21, 202 A.2d 308, 312 (1964); *Aldine Apartments, Inc. v. Commonwealth,* 32 Pa.Cmwlth. 296, 379 A.2d 333, 336 (1977). Under Section 225 of the Tax Code, the vendors hold in trust for the Commonwealth the taxes they have collected. *See* Section 225 of the Tax Code, 72 P.S. § 7225 ("All taxes collected by any person from purchasers ... shall constitute a trust fund for the Commonwealth.") Thus, when a purchaser pays sales tax to a vendor, by paying the Commonwealth's agent, he has effectively paid the Commonwealth, and the three year period for seeking a refund commences.

■ Moreover, since the enactment of Article II of the Tax Code in 1971, the Department of Revenue (Department) has consistently interpreted the date of payment of sales tax referred to in Section 253(a) as the date the purchaser pays the tax to the vendor.[3] Where the words of a statute are not clear or explicit, the interpretation of the statute by the agency charged with its execution and application, particularly one that has long prevailed, is entitled to considerable weight and should not be disregarded or overturned absent very cogent and convincing reasons. *In re Loeb's Estate,* 400 Pa. 368, 373, 162 A.2d 207, 211 (1960).

Practical considerations also compel the conclusion that the three year period begins to run on the date the purchaser pays the sales tax to the vendor. *See Commonwealth v. Allied Bldg. Credits, Inc.,* 385 Pa. 370, 379, 123 A.2d 686, 692 (1956) (in construing a statute, good sense and practical utility must be considered); *Unionville–Chadds Ford Sch. Dist. v. Rotteveel,* 87 Pa.Cmwlth. 334, 487 A.2d 109, 112–13 (1985) (practical results of peculiar interpretation may be considered). Taxpayers generally have no way of knowing when the sales taxes they have paid are turned over by the vendor to the Commonwealth. Requiring a taxpayer to seek a refund within three years of an unknown date would not only be impractical, it would also be absurd and, accordingly, not within the intention of the Legislature. *See* 1 Pa. C.S. § 1922(1) (In ascertaining the intention of the Legislature in the enactment of a statute, we must presume that the Legislature does not intend an absurd or unreasonable result).

Section 253(a) of the Tax Code requires that petitions for refunds be filed with the

2. Our scope of review of decisions of the Board is very broad. Although cases from the Board are addressed to our appellate jurisdiction, we function essentially as a trial court. *Orsato–Guenon, Inc. v. Commonwealth,* 665 A.2d 520, 521 n. 3 (Pa.Cmwlth.1995).

3. Indeed, pursuant to Department policies, even if a vendor failed to turn over to the Commonwealth sales tax paid by a prefabricated home purchaser, the purchaser would nonetheless be eligible for a refund upon proof that he paid the tax to the vendor within three years of the refund petition.

Department within three years of the payment of the tax. Our Supreme Court has noted that such limitations periods are absolute conditions to the right to obtain relief and are necessary to avoid great uncertainty in the budgetary planning and fiscal affairs of the Commonwealth. *Federal Deposit Ins. Corp. v. Board of Finance and Revenue,* 368 Pa. 463, 469–70, 84 A.2d 495, 498–99 (1951). Since petitioners failed to seek a refund within three years of their payment of the tax, we affirm the order of the Board.

## *ORDER*

AND NOW, this 8th day of July, 1998, the order of the Board of Finance and Revenue in the above captioned matter is hereby affirmed. The Chief Clerk is directed to enter judgment in favor of the Commonwealth unless exceptions are filed within 30 days in conformity with Pa. R.A.P. 1571(i).