Darlyce A. **SILBERMAN** and Betty
J. Larkin, Petitioners,

v.

**COMMONWEALTH** of Pennsylvania,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 28, 1999.

Decided Sept. 15, 1999.

Darlyce A. Silberman, petitioner, pro se.

Lora A. Kulick, Harrisburg, for respondent.

Before COLINS, President Judge,
LEADBETTER, J., and LORD, Senior
Judge.

LEADBETTER, Judge.

Darlyce A. Silberman and Betty J. Larkin petition for review of an order of the Board of Finance and Revenue. The Board has filed an application for summary relief, claiming that the Commonwealth has a clear right to judgment as a matter of law. For purposes of this application, we will accept petitioners' statement of the facts.

On either April 17 or April 27, 1992,[1] petitioners purchased a prefabricated home, paying $1,764.00 in sales tax to the vendor, who paid over the sales tax to the Commonwealth at some time between May 15 and May 19, 1992. Pursuant to this court's order entered in the case of *Zink v. Commonwealth* (No. 60 F.R.1993; filed October 4, 1994),[2] petitioners petitioned the Pennsylvania Department of Revenue, Board of Appeals for a refund of the sales tax on May 18, 1995. The Board of Appeals denied the refund petition on the basis that it was filed beyond the three year statutory appeal period set forth in section 253(a) of the Pennsylvania Tax Reform Code of 1971 ("Tax Code"), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7253(a). Petitioners appealed to the Board, which sustained the dismissal by

---

1. The sales receipt included in petitioners' reproduced record bears the date April 27, while the petition for refund submitted by petitioners to the Department of Revenue states that the tax was paid on April 17. Which of these two dates is accurate is of no significance to the outcome of this case.

2. As a result of this court's order in *Zink,* the Commonwealth issued a statement of policy providing that any purchaser of prefabricated housing could file a petition for a refund of eighty percent of the sales tax paid on a prefabricated home within three years of the date of actual payment of the tax. 61 Pa. Code § 60.18.

the Board of Appeals, and thereafter appealed to this court.

■ 72 P.S. § 7253(a) provides, in pertinent part:

[T]he refund or credit of tax ... shall be made only where *the person who has actually paid the tax* files a petition for refund with the department within three years of the *actual payment of the tax to the Commonwealth.*

[Emphasis added]. We have recently held that this time limitation is absolute. *Cooper v. Commonwealth,* 700 A.2d 553 (Pa. Cmwlth.1997); *Biro v. Commonwealth,* 707 A.2d 1205 (Pa.Cmwlth.1998). Nonetheless, focusing upon the "actual payment of the tax to the Commonwealth" language, petitioners argue that the three year period set forth in Section 253(a) begins to run on the date that the *vendor* pays over the sales tax to the *Commonwealth,* rather than the date the *purchaser* pays the sales tax to the *vendor,* and that, as a result, they timely filed the refund petition. We cannot agree.

Vendors who collect sales tax in the Commonwealth are licensed by the Commonwealth to do so and act as agents of the Commonwealth. *See* Section 208 of the Tax Code, 72 P.S. § 7208; *Commonwealth v. Shafer,* 414 Pa. 613, 620–21, 202 A.2d 308, 312 (1964); *Aldine Apartments, Inc. v. Commonwealth,* 32 Pa.Cmwlth. 296, 379 A.2d 333, 336 (1977). Under Section 225 of the Tax Code, the vendors hold in trust for the Commonwealth the taxes they have collected. *See* Section 225 of the Tax Code, 72 P.S. § 7225 ("All taxes collected by any person from purchasers ... shall constitute a trust fund for the Commonwealth."). Thus, when a purchaser pays sales tax to a vendor, by paying the Commonwealth's agent, he has effectively paid the Commonwealth, and the three year period for seeking a refund commences.

■ Moreover, since the enactment of Article II of the Tax Code in 1971, the Department of Revenue (Department) has consistently interpreted the date of payment of sales tax referred to in Section 253(a) as the date the purchaser pays the tax to the vendor.[3] Where the words of a statute are not clear or explicit, the interpretation of the statute by the agency charged with its execution and application, particularly one that has long prevailed, is entitled to considerable weight and should not be disregarded or overturned absent very cogent and convincing reasons. *In Re Loeb Estate,* 400 Pa. 368, 373, 162 A.2d 207, 211 (1960).

Practical considerations also compel the conclusion that the three year period begins to run on the date the purchaser pays the sales tax to the vendor. *See Commonwealth v. Allied Bldg. Credits, Inc.,* 385 Pa. 370, 379, 123 A.2d 686, 692 (1956) (in construing a statute, good sense and practical utility must be considered); *Unionville–Chadds Ford Sch. Dist. v. Rotteveel,* 87 Pa.Cmwlth. 334, 487 A.2d 109, 112–13 (1985) (practical results of a peculiar interpretation may be considered). Taxpayers generally have no way of knowing when the sales taxes they have paid are turned over to the Commonwealth by the vendor. Requiring a taxpayer to seek a refund within three years of an unknown date would be not only impractical, it would also be absurd and, accordingly, not within the intention of the Legislature. *See* 1 Pa.C.S. § 1922(1) (In ascertaining the intention of the Legislature in the enactment of a statute, we must presume the Legislature does not intend an absurd or unreasonable result.).

Section 253(a) of the Tax Code requires that petitions for refunds be filed with the Department within three years of the payment of the tax. Our Supreme Court has

---

**3.** Indeed, pursuant to Department policies, even if a vendor failed to turn over to the Commonwealth sales tax paid by a prefabricated home purchaser, the purchaser would nonetheless be eligible for a refund upon proof that he paid the tax to the vendor within three years of the refund petition.

noted that such limitations periods are absolute conditions to the right to obtain relief and are necessary to avoid great uncertainty in the budgetary planning and fiscal affairs of the Commonwealth. *Federal Deposit Ins. Corp. v. Board of Finance and Revenue,* 368 Pa. 463, 469–70, 84 A.2d 495, 498–99 (1951). Since petitioners failed to seek a refund within three years of their payment of the tax, we agree that the Commonwealth's right to relief is clear as a matter of law and, accordingly, we affirm the order of the Board.

## ORDER

AND NOW, this 15th day of September, 1999, the within application for summary relief is hereby granted and the order of the Board of Finance and Revenue in the above captioned matter is hereby affirmed.