**PHILADELPHIA GAS WORKS to the Use of the CITY OF PHILADEL-PHIA, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 7, 1999.

Decided Dec. 2, 1999.

Michael P. Weinstein, Philadelphia, for petitioner.

Carol L. Weitzel, Chief Deputy Atty. General, Harrisburg, for respondent.

Before SMITH, J., LEADBETTER, J. and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Senior Judge.

■ The Philadelphia Gas Works (PGW) appeals from an order of the Board of Finance and Revenue (Board) that affirmed the decision of the Board of Appeals denying PGW's petition for refund, determining that PGW was not entitled to a refund of the sales taxes prepaid to the Commonwealth due to its failure to file the petition for refund within the time period set forth in Section 247 of the Tax Reform Code of 1971 (Tax Code), Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. § 7247. We affirm.[1]

**1.** Although cases from the Board are addressed to this Court's appellate jurisdiction, this Court essentially functions as a trial court and reviews the Board's decision *de novo.* *Scholastic Services Organization, Inc. v. Commonwealth,* 721 A.2d 74 (Pa.Cmwlth.1998); *Ross–Araco, Corp. v. Commonwealth,* 165 Pa. Cmwlth. 49, 644 A.2d 235 (1994), *aff'd,* 544 Pa. 74, 674 A.2d 691. 544 Pa. 74, 674 A.2d 691 (1996).

**2.** The facts stipulated by the parties on appeal are binding and conclusive and should be regarded as this Court's findings of fact. *PIC-PA Foundation for Education & Research v.*

## I.

■ On appeal, the parties have stipulated to the relevant facts in "Joint Stipulation of Facts" submitted to this Court.[2] PGW is a public utility, owned and operated by the City of Philadelphia, providing natural gas services to residential and commercial customers within the City. PGW, as the public utility vendor, is required to prepay sales taxes to the Commonwealth before those taxes are collected from customers pursuant to Section 247 of the Tax Code, which provides in relevant part:

Whenever a vendor is forbidden by law or governmental regulation to charge and collect the purchase price in advance of or at the time of delivery,[3] the vendor shall prepay the tax as required by section 222 of this article, but in such case if the purchaser shall fail to pay to the vendor the total amount of the purchase price and the tax, and such amount is written off as uncollectible by the vendor, the vendor shall not be liable for such tax and shall be entitled to a credit or refund of such tax paid.... Tax prepaid after the effective date of this article *shall be subject to refund upon petition to the department under the provisions of section 252 of this article, filed within one hundred five days of the close of the fiscal year in which such accounts are written off.* (Emphasis added.)

On January 12, 1998, PGW filed with the Board of Appeals a petition seeking a re-

*Commonwealth,* 143 Pa.Cmwlth. 291, 598 A.2d 1078 (1991), *aff'd,* 535 Pa. 67, 634 A.2d 187 (1993).

**3.** Under the regulations of the Pennsylvania Public Utility Commission, public utilities may not demand their customers to pay service charges and sales taxes before or at the time of delivery of services, and public utility bills are not due until twenty days after they are sent to the customers. 52 Pa.Code §§ 56.12 and 56.21; *Philadelphia Electric Co. v. Department of Revenue,* 114 Pa.Cmwlth. 114, 538 A.2d 607 (1988).

fund of the sales taxes in the amount of $713,112.76 which had been prepaid to the Commonwealth on certain customers' accounts and subsequently written off as uncollectible at the close of the 1997 fiscal year beginning September 1, 1996 and ending August 31, 1997. The Board of Appeals denied PGW's petition, determining that PGW was not entitled to a refund because the petition filed twenty-nine days after expiration of the 105–day time period under Section 247 on December 14, 1997 was untimely. On appeal, the Board rejected various contentions raised by PGW and affirmed the decision of the Board of Appeals in its entirety. PGW has appealed the Board's decision to this Court, raising the same contentions rejected by the Board.[4]

## II.

■ PGW first contends that under Section 247 of the Tax Code providing that the prepaid taxes "shall be subject to refund upon petition to the department under the provisions of section 252," Section 247 should be construed in conjunction with Section 252, 72 P.S. § 7252, and Section 253, 72 P.S. § 7253, which was referred in Section 252, in determining the time limitation for filing a petition for refund applicable to this matter.

Section 252 of the Tax Code provides in relevant part: "The department shall, pursuant to *sections 253 and 254*, refund all taxes, interest and penalties paid to the Commonwealth ... and to which the Commonwealth is not rightfully entitled." (Emphasis added.) Section 253(a) provides: "Except as provided for in section 256 and in subsection (b) and (d) of this

section, the refund or credit of tax, interest or penalty provided for by section 252 shall be made only where the person who has *actually paid* the tax files a petition for refund with the department *within three years of the actual payment of the tax to the Commonwealth.*" (Emphasis added.)[5]

PGW argues that when Section 247 is construed in conjunction with Sections 252 and 253(a), public utilities are permitted to file a petition for refund within *the later of* (1) the 105–day time period under Section 247 or (2) the three-year time period under Section 253(a), and that its petition for refund filed within three years of the prepayment of the sales taxes to the Commonwealth was therefore timely. PGW urges this Court to adopt its interpretation of the Tax Code, asserting that the interpretation of the Department of Revenue would result in an absurd and unreasonable result of allowing public utility vendors to obtain a refund or a credit, even after three years of the prepayment, as long as a petition for refund is filed within 105 days of the close of the fiscal year in which the prepaid sales taxes are written off as bad debts.

■ At the outset, it must be noted that the interpretation adopted by the Department of Revenue, which is charged with execution and application of the Tax Code, is entitled to considerable weight and should not be disregarded or overturned absent very cogent and convincing reasons. *Federal Deposit Ins. Corp. v. Board of Finance & Revenue*, 368 Pa. 463, 84 A.2d 495 (1951); *Gray v. Commonwealth*, 714 A.2d 1124 (Pa.Cmwlth.1998).

■ In ascertaining the time limitation for filing a petition for refund applicable to

---

4. By order dated July 6, 1999, this Court granted the Commonwealth's motion to strike the Issue # 7 set forth in PGW's brief, i.e., whether the participation of the Secretary of the Department of Revenue in the Board's decision, as a member of the Board, violates PGW's constitutional right to due process, based on PGW's failure to raise the issue in the petition for review.

5. Under the 1997 amendment of the Tax Code, the three-year time period set forth in Section 253(a) is now contained in Section 3003.1, added by Section 14 of the Act of July 1, 1985, P.L. 78, 72 P.S. § 1003.1. Pursuant to Section 36(d) of the Act of May 7, 1997, P.L. 85, the 1997 amendment of Sections 253 and 3003.1 is only applicable to payments made on or after January 1, 1998.

this matter, this Court is guided by the rule of statutory construction that provisions of a statute are to be construed in the context in which they appear and with reference to other pertinent provisions. *Consulting Engineers Council of Pennsylvania v. State Architects Licensure Board*, 522 Pa. 204, 560 A.2d 1375 (1989); *Bellefonte Area School District v. Workmen's Compensation Appeal Board (Morgan)*, 156 Pa.Cmwlth. 304, 627 A.2d 250 (1993), *aff'd*, 545 Pa. 70, 680 A.2d 823 (1994). Further, "[s]tatutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things." Section 1932(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1932(a); *MacElree v. Chester County*, 667 A.2d 1188 (Pa. Cmwlth.1995), *appeal denied*, 545 Pa. 666, 681 A.2d 180 (1996).

In addition, "[e]very statute shall be construed, if possible, to give effect to all its provisions." Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa. C.S. § 1921(a). Even where an irreconcilable conflict exists between two provisions enacted at the same time, those provisions should be construed, if possible, to give effect to both: one as a general provision, and the other as a special provision prevailing over the general provision. Section 1933 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1933.

Under the Tax Code, every person who sells or leases service or tangible personal property, the sale or use of which is subject to sales taxes, is required to obtain a license, collect the taxes as an agent for the Commonwealth and then hold in trust the taxes thus collected for the Commonwealth. Sections 208 and 225 of the Tax Code, 72 P.S. §§ 7208 and 7225; *Silberman v. Commonwealth*, 738 A.2d 508 (Pa. Cmwlth.1999). Unlike other vendors, however, public utility vendors are required by Section 247 to prepay the sales taxes to the Commonwealth before they are collected from the customers. In imposing such requirement, Section 247 permits the public utility vendors to seek a refund or a credit of the prepaid sales taxes by filing a petition for refund with the Department of Revenue within 105 days of the close of the fiscal year, in which the prepaid taxes are written off as bad debts.

■ Where, as here, the words in a statute are clear and free from all ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. Section 1921(b) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(b). Moreover, the Legislature is presumed to have intended to avoid mere surplusage in words, sentence and provisions in a statute. *Habecker v. Nationwide Ins. Co.*, 299 Pa.Super. 463, 445 A.2d 1222 (1982). To accept PGW's position that it was permitted to file the petition for refund beyond the 105–day time period would render the time limitation specifically provided in Section 247 superfluous and meaningless.

Further, the Legislature did not intend to provide an additional time limitation for the public utility vendors. Section 253(a), unlike Section 247, provides that the person, who has actually *paid*, as opposed to *prepaid*, the sales taxes, must file a petition for refund within three years of the actual *payment*, as opposed to *prepayment*, to seek a refund or a credit. Moreover, while the 105–day time period under Section 247 begins to run on the date of the close of the fiscal year, in which the taxes *prepaid to the Commonwealth* are written off as uncollectible, the three-year time period under Section 253(a) begins to run on the date of the purchaser's *actual payment of the sales taxes to the vendor*, not on the date of the vendor's payment of the collected taxes to the Commonwealth. *Silberman*.

In addition, Section 253, referred in Section 252, contains not only the three-year time limitation in subsection (a), but also detailed procedures to be followed in filing petitions for refund, including information to be included in the petitions, in subsections (a) through (d). Section 254, 72 P.S.

§ 7254, another section referred in Section 252, provides for the procedures for obtaining the Board's review of the Department of Revenue's decision on the petitions for refund. Thus, when the relevant sections of the Tax Code are considered in its entirety, it is obvious that the language in Section 247, "upon petition to the department under ... section 252," refers only to *the procedures* for filing a petition for refund and seeking the Board's review of the Department's decision on the petition for refund as set forth in Sections 253 and 254, not to the three-year time limitation under Section 253(a).

■ Finally, this Court may not insert any words to a statute where the Legislature has failed to so provide. *Key Savings & Loan Ass'n v. Louis John, Inc.*, 379 Pa.Super. 226, 549 A.2d 988 (1988), *appeal denied*, 523 Pa. 632, 564 A.2d 1260 (1989), *appeal dismissed*, 529 Pa. 573, 605 A.2d 1223 (1992). Thus, PGW's argument that the Tax Code permits the public utility vendors to file a petition for refund within "*the later of*" the two time limitations set forth in Sections 247 and 253(a) is contrary to the well-established statutory construction rule.

■ We conclude, therefore, that Section 247 is a special provision applicable to a petition for refund filed by the public utility vendors seeking a refund of the prepaid sales taxes written off as bad debts; and Section 253(a) is a provision generally applicable to other vendors. Hence, PGW was required to file the petition for refund within the 105–day time period under Section 247.[6]

**6.** Generally, a statute "imposing taxes" should be strictly construed. Section 1928(b)(3) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1928(b)(3). However, the rule of strict construction is inapplicable where, as here, there is no reasonable doubt as to construction of provisions of the tax statute or their application to a particular case. *Leigh v. Commonwealth*, 168 Pa. Cmwlth. 12, 648 A.2d 1346 (1994), *aff'd*, 541 Pa. 187, 661 A.2d 1374 (1995); *Pennsylvania*

### III.

■ PGW next contends that the 105–day time limitation under Section 247 is merely "directory," rather than "mandatory," and that the failure to timely file the petition for refund does not affect entitlement to a refund or a credit of the prepaid sales taxes.

■ Whether a particular provision of a statute is directory or mandatory does not depend on the form, but on the legislative intent to be ascertained after considering the entire statute, its nature and object and the consequences that would result from construing it one way or the other. *Deibert v. Rhodes*, 291 Pa. 550, 140 A. 515 (1928). "A mandatory provision is one the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance of which is not necessary to the validity of the proceeding." *Id.* at 554–55, 140 A. at 517.

■ As this Court previously held, a refund of voluntarily paid taxes is a matter of legislative grace. *Lilian v. Commonwealth*, 11 Pa.Cmwlth. 90, 311 A.2d 368 (1973), *aff'd*, 467 Pa. 15, 354 A.2d 250 (1976). Further, compliance with the time limitation set forth in a tax statute is an absolute condition to obtaining a refund or a credit of the paid taxes, and the time limitation in the tax statute should be strictly enforced to prevent any uncertainty in the budgetary planning and fiscal affairs of the Commonwealth. *Biro v. Commonwealth*, 707 A.2d 1205 (Pa. Cmwlth.1998); *Cooper v. Commonwealth*, 700 A.2d 553 (Pa.Cmwlth.1997).[7] It is also

*Builders Ass'n v. Department of Revenue*, 122 Pa.Cmwlth. 493, 552 A.2d 730 (1989), *aff'd*, 524 Pa. 134, 569 A.2d 928 (1990). Moreover, the dispute in this matter concerns the time limitation for seeking a refund or a credit of the prepaid taxes, not the rate or imposition of the sales taxes.

**7.** To support its contention that the 105–day time limitation is merely directory, PGW relies on the previous decisions of this Court, holding that the time limitations imposed for

well established that neither the Board nor this Court has power to alter the explicit time limitation set forth in the Tax Code based on equitable principles. *Bethlehem Steel Co. v. Board of Finance & Revenue,* 431 Pa. 1, 244 A.2d 767 (1968). Hence, the 105–day time limitation under Section 247 of the Tax Code is mandatory, rather than directory, and PGW was required to comply with the time limitation to be eligible for a refund or a credit of the prepaid sales taxes.

It is unfortunate that PGW lost its entitlement to a refund or a credit of the prepaid sales taxes due to its failure to timely file the petition for refund. However, as this Court previously stated in *Cooper,* which involved the taxpayer who filed the petition for refund seven days after expiration of the three-year time limitation, "[w]hile we are sympathetic to petitioner, any burdensome effect of § 253(a) of the Tax Code is a matter for the legislature to resolve." *Cooper,* 700 A.2d at 554–55. *See also Biro* (the taxpayer who filed the petition for refund one month after expiration of the three-year time period was denied a refund).

### IV.

■ Relying on the language in Section 247 that the prepaid sales taxes shall be subject to a "refund" upon a petition filed with the Department of Revenue, PGW alternatively contends that it may still seek a "credit" of the prepaid sales taxes beyond the 105–day time period under Section 247. PGW's contention is without merit.

In the Tax Code, the terms "refund" and "credit" are used interchangeably. *E.g.,* Section 253 ("the refund or credit ... shall be made only where the person ... files a

petition for refund ...."). Moreover, the Tax Code does not set forth separate time limitations for a request for refund and a request for credit. Rather, the Board has discretion to either give refund of the paid sales taxes or credit the account of the person owed the refund based on its review of a petition for refund. Section 503(a) of The Fiscal Code, Act of April 9, 1929, *as amended,* P.L. 343, 72 P.S. § 503(a); *Fidelity Bank, N.A. v. Commonwealth,* 165 Pa.Cmwlth. 524, 645 A.2d 452 (1994). Therefore, whether the public utility vendors seek a refund or a credit of the prepaid sales taxes, they must file a "petition for refund" within the 105–day time period under Section 247.

### V.

■ Finally, PGW contends that by imposing the separate time limitation on the public utility vendors, Section 247 of the Tax Code violates (1) the uniformity clause under Article VIII, Section 1 of the Pennsylvania Constitution, Pa. Const. art. VIII, § 1 and (2) the equal protection clause under the Fourteenth Amendment to the United States Constitution, U.S. Const. amend. XIV.

■ In matters of taxation, allegations of violation of the uniformity clause and the equal protection clause are analyzed in the same manner, requiring equality of burden upon classes or things subject to the tax in question. *Commonwealth v. Westinghouse Electric Corp.,* 478 Pa. 164, 386 A.2d 491 (1978), *appeal dismissed,* 439 U.S. 805, 99 S.Ct. 61, 58 L.Ed.2d 97 (1978).

■ The Legislature has broad discretion in matters of taxation. *Aldine Apartments, Inc. v. Commonwealth,* 493

---

the agencies' action in the administrative proceedings are merely directory. *See, e.g., Mickens–Thomas v. Board of Probation & Parole,* 699 A.2d 792 (Pa.Cmwlth.1997); *Winston v. Department of Public Welfare,* 675 A.2d 372 (Pa.Cmwlth.1996); *Beneficial Finance Consumer Discount Co. v. Commonwealth,* 120 Pa.Cmwlth. 504, 548 A.2d 1334 (1988);

*Appeal of M.G.H. Enterprises,* 85 Pa.Cmwlth. 68, 480 A.2d 394 (1984). PGW's reliance on those cases are inapposite because this matter concerns the time limitation for filing a petition for refund under the Tax Code, not the time limitation within which the agency must act as in those cases.

Pa. 480, 426 A.2d 1118 (1981). Absolute equality and perfect uniformity in taxation are not required; the only constitutional limitation on the taxing power is that the classification in the tax statute be reasonable and not arbitrary. *Leonard v. Thornburgh*, 507 Pa. 317, 489 A.2d 1349 (1985). The constitutionality of the taxing authority's action is presumed, and one challenging the constitutionality of the tax legislation must demonstrate that the challenged legislation deliberately and purposefully discriminates in its application and clearly, palpably and plainly violates the constitution. *Commonwealth v. Life Assurance Co. of Pennsylvania*, 419 Pa. 370, 214 A.2d 209 (1965), *appeal dismissed*, 384 U.S. 268, 86 S.Ct. 1476, 16 L.Ed.2d 524 (1966); *Equitable Life Assurance Society of the United States v. Murphy*, 153 Pa.Cmwlth. 338, 621 A.2d 1078 (1993).

In *Philadelphia Electric Co. v. Department of Revenue*, 114 Pa.Cmwlth. 114, 538 A.2d 607 (1988), the public utility vendor contended that Section 247 of the Tax Code violates the equal protection clause because it requires only the public utility vendors to prepay the sales taxes. In rejecting the contention, this Court stated:

> Public utilities, by virtue of being the only state regulated monopolies, are given a variety of benefits not available to other business utilities, the most obvious of which is the protection from competition. As important, if not more so, is the ability to charge rates which are sufficient to cover most of their prudently incurred costs and provide a reasonable rate of return.... Given the benefits that inure to public utilities as state regulated monopolies, the requirement that they prepay sales taxes to non-residential customers is, in our view, just and reasonable. Further, and for the same reason, the distinction between public utility vendors and non-public vendors is a legitimate one.

*Id.* at 610 (citation omitted).

Because the classification of the public utility vendors and the non-public vendors

recognized in the Tax Code is just and reasonable, the two separate time limitations set forth in the Tax Code based on such classification likewise violates neither the uniformity clause nor the equal protection clause.

Accordingly, the order of the Board is affirmed.

Judge SMITH dissents.

*ORDER*

AND NOW, this 2nd day of December, 1999, the order of the Board of Finance and Revenue in the above-captioned matter is affirmed. The Chief Clerk of the Court shall enter judgment in favor of the Commonwealth of Pennsylvania and against the Philadelphia Gas Works, unless exceptions are filed within thirty days after entry of this order pursuant to Pa. R.A.P. 1571(i).