Ilya ROYTBURD, Petitioner

v.

COMMONWEALTH of Pennsylvania, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 3, 2008.
Decided Sept. 5, 2008.
Ordered Published Nov. 12, 2008.

Ilya Roytburd, petitioner, pro se.

Kevin A. Moury, Sr. Deputy Attorney General and Carol L. Weitzel, Chief Deputy Attorney General, Harrisburg, for respondent.

OPINION

PER CURIAM.

Ilya Roytburd (Petitioner) petitions for review of an order of the Board of Finance and Revenue (Board) denying his appeal of the determination of the Department of Revenue Board of Appeals (Board of Appeals), which upheld the assessment of past due income tax, penalties, and interest by the Department of Revenue (Department). In this case, Petitioner essentially argues that he is under no obligation to pay income taxes because he does not engage in any activities that are taxable under the Tax Reform Code of 1971(TRC).[1]

The facts of this case are set forth in a Stipulation of Facts (Stipulation) filed by the parties on February 6, 2008.[2] Petitioner has maintained a permanent place of abode in Pennsylvania throughout all

---

1. Act of March 4, 1971, P.L. 6, *as amended,* 72 P.S. §§ 7101–10004.

2. In reviewing a determination of the Board, "[t]he facts stipulated by the parties on appeal are binding and conclusive and should be regarded as this Court's findings of fact." *Philadelphia Gas Works v. Commonwealth,* 741 A.2d 841, 843 n. 2 (Pa.Cmwlth.1999).

relevant times to this appeal. (Stipulation ¶ 1.) At no time during the tax years at issue has Petitioner maintained a permanent place of abode anywhere other than Pennsylvania. (Stipulation ¶ 18.) Petitioner has not entered into any employment agreements with the Commonwealth of Pennsylvania, the United States Government, or any agencies of either party. (Stipulation ¶ 2.) Petitioner is not a corporation, and does not engage in a trade or business. (Stipulation ¶¶ 3, 4.) If Petitioner were to testify, he would state that he does not engage in any excise taxable privileged activity, and has never been granted any privilege by the Commonwealth of Pennsylvania or the United States Government. (Stipulation ¶ 4.)

The Pennsylvania Personal Income Tax (Income Tax) is a tax on the privilege of receiving certain classes of income as stated in 72 P.S. § 7302(a). (Stipulation ¶ 16.) During the calendar years at issue, Petitioner earned compensation income from his company, and may or may not have earned income from interest, dividends, or gains from the sale of assets. (Stipulation ¶ 20.) Petitioner did not file Income Tax Returns with the Department for the calendar years in question. (Stipulation ¶ 19.) As a result, the Department issued Income Tax assessments against Petitioner for the calendar years in question. (Stipulation ¶ 21.) The Department based these assessments on information that it obtained from the Internal Revenue Service (IRS). (Stipulation ¶ 22.) The assessment for the 2001 tax year is based on an IRS Revenue Agent's Report (RAR) for 2001. (Stipulation ¶ 22.) For the other tax years at issue, the assessments are estimates based on the RAR for the 2001 tax year. (Stipulation ¶ 22.) Petitioner filed timely Petitions for Reassessment with the Board of Appeals, which denied the petitions. (Stipulation ¶ 23.)

Petitioner then filed timely Petitions for Review with the Board, which denied the petitions. (Stipulation ¶ 24.) Petitioner argued before the Board that he receives no privilege from the Commonwealth of Pennsylvania that would subject him to the Income Tax; that he receives remuneration as a matter of right; and that the government cannot tax a right. (Board Op. at 1–2.) The Board determined that Petitioner received taxable income for the 2000 through 2004 tax years, but did not report that income by filing Pennsylvania tax returns. (Board Op. at 4.) In determining Petitioner's tax liability, the Board cited the requirement under the TRC that resident individuals are required to pay taxes on income received as compensation. (Board Op. at 2.) Since Petitioner did not file tax returns, the Board determined that "the assessment of tax, estimated tax penalties, frivolous penalties, late filing penalties and interest" for the tax years at issue was appropriate. (Board Op. at 4.) Petitioner timely filed a Petition for Review of the Board's order with this Court.[3] (Stipulation ¶ 26.)

Under Section 302(a) of the TRC, persons are subject to the Income Tax if they are "resident individuals."[4] Section 302(a) of the TRC mandates that:

---

3. This Court reviews orders of the Board de novo. *Gas Works,* 741 A.2d at 843 n. 1. Also, the Department's interpretation of the tax code "is entitled to considerable weight and should not be disregarded or overturned absent very cogent and convincing reasons." *Id.* at 844.

4. Section 301(p) of the TRC defines "resident individual" as follows:
 (p) "Resident individual" means an individual who is domiciled in this Commonwealth unless he maintains no permanent place of abode in this Commonwealth and does maintain a permanent place of abode elsewhere and spends in the aggregate not

(a) Every resident individual, estate or trust shall be subject to, and shall pay for the privilege of receiving each of the classes of income hereinafter enumerated in section 303, a tax upon each dollar of income received by that resident during that resident's taxable year at the rate of three and seven hundredths per cent.

72 P.S. § 7302(a) (footnote omitted). Resident individuals are subject to the Income Tax upon each of the types of income identified in Section 303(a) of the TRC, 72 P.S. § 7303(a), including income from compensation, interest, dividends, and gains from the sale of assets.

On appeal, Petitioner essentially raises three arguments. First, Petitioner argues that he is not subject to the Income Tax because he is not a federal employee. (Petitioner's Br. at 18.) Second, Petitioner argues that the 16th Amendment of the United States Constitution, which did not create any new powers of taxation, does not allow income obtained through the use of personal property to be taxed. (Petitioner's Br. at 18, 20–24.) Third, Petitioner argues that he is not subject to the Income Tax because he has not been granted a "privilege" by the Commonwealth of Pennsylvania and is not engaged in a trade or business, which is a " 'privileged' excise taxable activity that would subject him to the Pennsylvania personal income tax." (Petitioner's Reply Br. at 4, 6–7.) The Commonwealth argues that Petitioner is a "resident individual" that is subject to the Income Tax under Section 302(a) of the TRC.

 Petitioner first argues that he is not subject to the Income Tax because he is not a federal employee and, under the TRC, only federal government employees are subject to the Income Tax. (Petitioner's Br. at 17, 18.) Petitioner argues that the TRC specifically defines which persons the Income Tax applies to by adopting the definitions of "employe," "employer," and "wages" from Chapter 24 of the Internal Revenue Code (IRC), 26 U.S.C. §§ 3401–3406. (Petitioner's Br. at 10.) Petitioner cites to the definition of "employee" in 26 U.S.C. § 3401(c), which states that "the term 'employee' includes an officer, employee or elected official of the United States. . . ." (Petitioner's Br. at 16.) Based on this definition, Petitioner alleges that the U.S. Congress intended that the IRC apply only to "privileged taxpayers," which are persons who receive wages from the federal government "while performing the functions of a Federal public office" as elected officials or employees. (Petitioner's Br. at 17.) Thus, Petitioner contends that, by imposing its income tax via the IRC, the legislature also intended that the TRC only apply to federal employees. (Petitioner's Br. at 17.) We disagree with this argument, and conclude that the TRC's plain language demonstrates that the Income Tax was intended to have a far broader application.

The plain language of Section 302(a) of the TRC, 72 P.S. § 7302(a), provides the basis for the tax liability of individuals. Section 302(a) imposes a tax liability on "[e]very resident individual" who receives one of the classes of income enumerated in Section 303(a) of the TRC. 72 P.S. § 7302(a). Petitioner's arguments notwithstanding, no reference, explicit or implied, is made in this section that can be read to mean that the TRC applies only to federal employees. While petitioner is

more than thirty days of the taxable year in this Commonwealth; or who is not domiciled in this Commonwealth but maintains a permanent place of abode in this Commonwealth and spends in the aggregate more than one hundred eighty-three days of the taxable year in this Commonwealth. 72 P.S. § 7301(p).

correct that the TRC, in other sections, does adopt the Federal definitions for such terms as "employe," "employer," and "wages," that fact has no bearing on the tax liability as set forth in Section 302(a), which applies to "every resident individual." The IRC definition of "employee" referenced by Petitioner only relates to the withholding of an employee's wages.[5] Similarly, under the TRC, the terms "employe," "employer" and "wages" relate to the general requirement that employers withhold a portion of their employees' compensation for income tax purposes, and not to a person's ultimate tax liability.[6] Thus, the fact that Petitioner is not an employee of the federal government has no bearing on whether Petitioner is subject to the Income Tax.

■ Petitioner also argues that he is not subject to the Income Tax because the 16th Amendment[7] prohibits taxing income earned through the use of personal property. According to Petitioner, the 16th Amendment would only permit income obtained through the use of public property while "engaged in a public 'trade or business'" to be taxed. (Petitioner's Br. at 18.) Petitioner cites *Pollock v. Farmers' Loan and Trust Co.*, 158 U.S. 601, 15 S.Ct.

912, 39 L.Ed. 1108 (1895), *superseded by Constitutional amendment*, U.S. Const. amend. XVI, *as recognized in Brushaber v. Union Pac. R.R. Co.*, 240 U.S. 1, 36 S.Ct. 236, 60 L.Ed. 493 (1916), which held that taxes imposed by Congress on real estate, income from real estate, personal property, or income from personal property are un-apportioned direct taxes and, therefore, unconstitutional. *Id.* at 637, 15 S.Ct. 912. Petitioner also cites *Stanton v. Baltic Mining Co.*, 240 U.S. 103, 36 S.Ct. 278, 60 L.Ed. 546 (1916), which held that "the provisions of the 16th Amendment conferred no new power of taxation...." *Id.* at 112, 36 S.Ct. 278. Thus, Petitioner appears to argue that he cannot be subject to the Income Tax because the Income Tax in *Pollock* was declared unconstitutional prior to the 16th Amendment, and that this analysis must continue to apply after the 16th Amendment pursuant to *Stanton*.

However, Petitioner's reliance on the 16th Amendment is misplaced because the 16th Amendment, by its own language, only relates to the taxing power of Congress, and not that of the States. Similarly, the apportionment requirement contained in Article I of the United States

---

5. The definition of "employee" in 26 U.S.C. § 3401(c) applies only to Chapter 24 of the IRC, entitled "Collection of Income Tax at Source on Wages," as it begins with the phrase "for purposes of this chapter." Moreover, the IRC definition of "employee" is not limited only to those examples identified in the language. The IRC states that the term "includes" "shall not be deemed to exclude other things otherwise within the meaning of the term defined." 26 U.S.C. § 7701(c). Thus, private wage earners such as Petitioner are included within the definition of "employee." *United States v. Latham*, 754 F.2d 747, 750 (7th Cir.1985).

6. Section 301(g) of the TRC defines an "employe" as "any individual from whose wages an employer is required under the Internal

Revenue Code to withhold Federal income tax." 72 P.S. § 7301(g). "For the purpose of this definition, the terms employe, employer and wages have the same meanings as in Chapter 24 of the IRC ... relating to collection of Income Tax at source on wages." 61 Pa.Code § 101.1. *See also* Section 316 of the TRC, 72 P.S. § 7316, relating to an employer's duty to withhold, and Section 323 of the TRC, 72 P.S. § 7323, relating to exemptions from the withholding requirement.

7. The 16th Amendment provides that: "The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." U.S. Const. amend. XVI.

Constitution,[8] which the 16th Amendment removed with regard to an income tax, only restricts the taxing power of Congress. Thus, the Commonwealth of Pennsylvania is not barred from taxing Petitioner's compensation income because the 16th Amendment imposes no restrictions on the ability of the States to impose income taxes.[9]

Lastly, Petitioner argues that his income cannot be taxed because he does not receive a "privilege" from the Commonwealth of Pennsylvania and is not engaged in a privileged or licensed trade or business. According to Petitioner, falling into either of these categories would subject him to the income tax. However, Section 302(a) of the TRC requires resident individuals to "pay for the *privilege of receiving* each of the classes of income hereinafter enumerated in section 303...." 72 P.S. § 7302(a) (emphasis added). Thus, the plain language of the statute identifies the receipt of the classes of income enumerated in Section 303(a) of the TRC as the "privilege" being taxed. Accordingly, since Petitioner received compensation income during the tax years at issue (Stipulation ¶ 20), he has received a privilege for which he is subject to the income tax. *See* 72 P.S. § 7303(a)(1)(i)

(enumerating compensation income in the form of wages, salaries and other remuneration as a taxable class of income).

The Commonwealth argues that Petitioner is a "resident individual" as defined by Section 301(p) of the TRC, 72 P.S. § 7301(p). Thus, he is subject to the income tax pursuant to Section 302 of the TRC, 72 P.S. § 7302(a). (Commonwealth's Br. at 7.) We agree with the Commonwealth that Petitioner is a resident individual who is subject to the income tax. Petitioner stipulated that he has maintained a permanent place of abode in Pennsylvania, and no other location, during the tax years at issue. (Stipulation ¶¶ 1, 18.) Petitioner also stipulated that he earned compensation income in each of the years at issue in this appeal, and that he may also have earned income from interest, dividends and gains from the sale of assets. (Stipulation ¶ 20.) Resident individuals are subject to the income tax upon each of these types of income under Section 303(a) of the TRC, 72 P.S. § 7303(a). Thus, since Petitioner is a resident individual, and has received taxable income, he is subject to the income tax.

For the foregoing reasons, the order of the Board is affirmed.[10]

---

8. Article I requires direct taxes to "be apportioned among the several States which may be included within this Union, according to their respective Numbers...." U.S. Const. art. I, § 2, cl. 3.

9. Moreover, while Petitioner correctly states that the 16th Amendment did not create any new taxing powers, his reasoning is flawed because the 16th Amendment removed the apportionment requirement, and allowed Congress to exercise its already existing power to tax income, without regard to its source. As the Court stated in *Stanton*:

"[T]he provisions of the 16th Amendment ... simply prohibited the previous complete and plenary power of income taxation possessed by Congress from the beginning from being taken out of the category of indirect taxation to which it inherently belonged, and being placed in the category of direct taxation subject to apportionment by a consideration of the sources from which the income was derived...."

240 U.S. at 112–113, 36 S.Ct. 278. Since Congress already possessed the power to tax income prior to the 16th Amendment, the fact that it did not create any new taxing powers is of no moment in determining the validity of the federal income tax. Thus, by virtue of the 16th Amendment, the apportionment requirement contained in Article I is now, consistent with *Pollock*, "limited to taxes on real and personal property and capitation taxes." *Penn Mut. Indem. Co. v. Commissioner*, 277 F.2d 16, 20 (3d Cir.1960).

## ORDER

**NOW,** September 5, 2008, the order of the Board of Finance and Revenue in the above-captioned matter is hereby **AFFIRMED.** Judgment in favor of the Commonwealth shall be entered in 30 days unless exceptions are filed.

10. We note that Petitioner argues that the RAR relied upon by the Department in generating its assessments against him is hearsay in violation of Pennsylvania Rule of Evidence 602, because the Commonwealth failed to provide a witness with personal knowledge of the information contained in the RAR. (Petitioner's Reply Br. at 7.) However, since Petitioner raises this issue for the first time in his reply brief, we may not address the hearsay issue because the issue is waived on appeal. See *Commonwealth v. Fahy*, 558 Pa. 313, 322 n. 8, 737 A.2d 214, 219 n. 8 (1999).